# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JEFFREY NELSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 3:17-cv-05386 JRC

ORDER ON PLAINTIFF'S COMPLAINT

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 10, 11, 12.

    After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by failing his duty to develop the record by not

obtaining plaintiff's treatment records from his treating physician. As plaintiff was not represented by counsel at his Administrative hearing, the ALJ had a special duty "to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). This, the ALJ did not do.

Therefore, the Court concludes that this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, JEFFREY NELSON, was born in 1961 and was 46 years old on the alleged date of disability onset of October 31, 2007. *See* AR. 126-32. Plaintiff completed the ninth grade and later obtained his GED. AR. 37. Plaintiff has work experience in apartment maintenance. AR. 39-41, 165-76. He left his employment when he had surgery. AR. 41.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease and degenerative joint disease of the cervical spine (20 CFR 404.1520(c))." AR. 23.

At the time of the hearing, plaintiff was living in a house with his wife. AR. 42-44.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

reconsideration. *See* AR. 74-76, 79-80. Plaintiff's requested hearing was held before ALJ Gary Elliott on November 18, 2015. *See* AR. 32-53. On December 8, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 18-28.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) the ALJ erred in failing to develop the record given the plaintiff's unrepresented status and the missing evidence; and (2) the ALJ erred in evaluating plaintiff's credibility. *See* Dkt. 9 at 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)     Whether the ALJ erred in failing to develop the record with respect to Dr. Johnson's treatment records.**

Plaintiff contends that the ALJ failed to develop the record fully by not obtaining treatment notes from Dr. Johnson,[1] who treated plaintiff from 1990 to 2014, and that the evidence from the Franciscan Medical Center was incomplete. Dkt. 9 at 4-6. Defendant argues that the record before the ALJ was sufficient to support the ALJ's findings and

---

[1] Dr. Johnson's first name and type of medical degree are not included in the record, and plaintiff does not provide any additional information. *See* Dkt. 8; Dkt. 9.

that the ALJ obtained the records from the Franciscan Medical Clinic for "the time period most relevant to Plaintiff's limitations regarding his neck impairment." Dkt. 10 at 9-10. Notably, however, defendant does dispute the existence of additional treatment records or argue that the record was complete. *See id.*

Although plaintiff bears the ultimate responsibility to prove that he is disabled, the ALJ has "'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Widmark v. Barnhart,* 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Higbee v. Sullivan,* 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) and *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983)). "[A]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (citation omitted). "If a social security claimant is not represented by counsel, it is incumbent on "'the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts [, and] be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Higbee*, 975 F.2d at 561 (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)) (all other citations omitted). "When 'the heavy burden imposed by *Cox'* is not met, and the claimant may have been prejudiced, 'the interests of justice demand that the case be remanded.'" *Higbee,* 975 F.2d at 561 (quoting *Vidal v. Harris,* 637 F.2d 710, 714-715 (9th Cir. 1981) and citing *Thompson v. Schweiker,* 665 F.2d 936, 941 (9th Cir. 1982); *Cruz v. Schweiker,* 645 F.2d 812, 814 (9th Cir. 1981); and *Cox,* 587 F.2d at 991)).

Plaintiff was not represented by counsel at the administrative hearing. AR. 16, 78, 148. In his disability report, plaintiff reported that he was treated by his primary care provider, Dr. Johnson, at the Franciscan Medical Clinic, from January 1990 to April 2014. AR. 153. The evidence from the Franciscan Medical Clinic includes three pages of treatment notes from January 18, 2008, January 25, 2008 and March 25, 2010, *see* AR. 387-89, lab tests from March and July 2010, *see* AR. 390-99, and an MRI report from May 2010, *see* AR. 400-03. However, the record lacks any treatment notes from Dr. Johnson. During the hearing, the ALJ did not question plaintiff about his treatment with Dr. Johnson. *See* AR. 32-53. Without the relevant treatment records from plaintiff's treating physician, the record likely is inadequate to allow for proper evaluation of the evidence. *See Mayes*, 276 F.3d at 459-60; *Tonapetyan*, 242 F.3d at 1150 (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Therefore, in this case, where plaintiff was not represented by counsel, the ALJ should have taken steps to ensure that the record was fully and fairly developed and ensure that favorable and unfavorable facts are elicited. *See Higbee*, 975 F.2d at 561 (quoting *Cox*, 587 F.2d at 991) (all other citations omitted). The missing treating source records may include relevant diagnostic and clinical findings, and thus, they should be evaluated before a determination of plaintiff's disability can be made. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))) (The Commissioner "may not reject 'significant probative evidence' without explanation"); *Afanador v. Barnhart,* 2002 WL 31497570, at *4 (N.D. Cal. Nov. 6, 2002)

(The failure to adequately develop the record by obtaining a crucial opinion from the plaintiff's treating physician casts doubt on the ALJ's findings as to the plaintiff's residual functional capacity.). And at the very least, obtaining the treating source records would ensure a complete record, and that the ALJ was giving appropriate weight to the other medical opinion and objective evidence. Accordingly, the Court concludes that the ALJ erred by failing to develop the record regarding plaintiff's treatment with Dr. Johnson.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

It appears that plaintiff sought treatment from Dr. Johnson from 1990 to 2014. AR. 153. Because the full records of this treatment are not included in the Administrative Record, the exact effect is unclear. However, as noted above, the missing treating source records may include relevant diagnostic and clinical findings, and at the least, will ensure an accurate and complete record. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the [records from plaintiff's treating physician] could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Thus, the Court concludes that this error is not harmless.

(2) **Whether the ALJ failed to elicit specific testimony during the hearing and failed to properly evaluate plaintiff's testimony.**

Plaintiff argues that ALJ failed to elicit more specific testimony regarding the severity and limiting effects of plaintiff's impairments and failed to clarify the time period that plaintiff was testifying about. Dkt. 9 at 5-6. Plaintiff also argues that the ALJ erred in evaluating plaintiff's credibility. *Id.* at 7-8.

The Court already has concluded that the ALJ failed to fully develop the record with respect to plaintiff's treating source records with Dr. Johnson and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. The evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, on remand, the ALJ should also develop appropriate additional testimony and plaintiff's testimony and statements should be assessed anew.

### (3) Whether the new evidence submitted to the Appeals Council warrants remand.

Plaintiff also argues that new evidence submitted to the Appeals Council requires remand. Dkt. 9 at 8-9, AR. 458-61; *see also* 42 U.S.C. § 405(g). Several months after the ALJ's December 8, 2015 decision, plaintiff submitted an evaluation from Dr. Thanh V. Pham, M.D., dated February 3, 2016 to the Appeals Council. AR. 458-461. Plaintiff contends that Dr. Pham's evaluation supports a finding that plaintiff would be unable to engage in work activity on a regular and continuing basis as of July 2010. Dkt. 9 at 8 (citing AR. 458).

The Appeals Council stated:

> We also looked at Medical Records from Thanh V. Pham, dated February 3, 2016, pages 2. The Administrative Law Judge decided your case through December 31, 2012, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

AR. 2.

Plaintiff cites *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1162 (9th Cir. 2012), for the proposition that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Dkt. 9 at 8-9 (citing *Brewes,* 682 F.3d at 1163). Plaintiff contends that because the Appeals Council was presented with Dr. Pham's evaluation, the evaluation is considered part of the administrative record that this Court must review in making a determination. Dkt. 9 at 8-9.

Here, the Appeals Council considered the new evidence, explained that it concluded that the new evidence was about a later time, and added it to the record. AR. 458-61; *see also* AR. 6 ("The Appeals Council has received additional evidence which it is making part of the record . . . .: Exhibit 7F Medical Source Statement from Dr. Thanh Pham, dated February 3, 2016, pages 4"). However, as this matter must be remanded for further consideration of Dr. Johnson's treatment records and plaintiff's testimony, the ALJ will have the opportunity to review and consider Dr. Pham's evaluation following remand of this matter as well.

**(4)    Is remand for a finding of disability the proper remedy in this case?**

Plaintiff seeks remand for further proceedings as the record requires further development. Dkt. 9 at 9-10. The Court agrees.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, because the record is not adequately developed, this matter is reversed and remanded for further proceedings. *See Tonapetyan,* 242 F.3d at 1151; *Higbee,* 975 F.2d at 561. On remand, the ALJ should take appropriate steps to fully and fairly develop the record, including developing appropriate documentary evidence with respect to plaintiff's treatment with Dr. Johnson and Dr. Pham, and plaintiff's subjective symptom testimony.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of January, 2018.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 10